**MARKETERS INTERNATIONAL, INC.,**
et al., Petitioners,

v.

**E. F. I., INC., Respondent.**

**No. B–4006.**

Supreme Court of Texas.

Feb. 6, 1974.

Rehearing Denied April 3, 1974.

Garrett & Ledbetter, George Payne, John C. LaFave, Houston, for petitioners.

J. Leonard Gotsdiner and Ranseler O. Wyatt, Houston, for respondent.

PER CURIAM.

 The application for writ of error is refused, no reversible error. We agree with the judgment of the Court of Civil Appeals reversing the trial court's summary judgment on account of certain issues of disputed fact having been raised, particularly with reference to whether the indemnity agreement of George Levit and W. V. Womack, Jr., was prior to and independent of the subsequent contract between E.F.I. and Marketers, Inc., alleged to be in violation of the Texas Antitrust Act. 492 S.W.2d 302. As to the latter contract, if it is determined in further proceedings that it contemplates performances in Texas which are prohibited by the Texas Antitrust Act, as well as similar performances in other states, the question of enforceability of the contract in Texas courts should be considered. We reserve this question because state courts ordinarily will not enforce rights existing under laws of other jurisdictions when to do so would violate the public policy expressed in the statutes of the state of the forum. Griffin v. Mc-Coach, 313 U.S. 498, 61 S.Ct. 1023, 85 L. Ed. 1481 (1941); Bothwell v. Buckbee-Mears Company, 275 U.S. 274, 48 S.Ct. 124, 72 L.Ed. 277 (1927); Byrd v. Crazy Water Co., 140 S.W.2d 334 (Tex.Civ.App. 1940, no writ).